**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| HOECHST FARMS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:24-cv-720-MTS |
| | ) | |
| MO COLD LOGISTICS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's Motion for Leave to Amend its Answer and Counterclaim.  Doc. [28].  Plaintiff opposes the motion.  For the reasons that follow, the Court will grant Defendant's motion and order it to promptly file its Amended Answer.

\*

This action arises out of an alleged breach of contract concerning the purchase of rights related to three underground mines.  Doc. [4].  Defendant filed its original Answer and Counterclaim on June 14, 2024.  Doc. [14].  At that time, Defendant admitted that it entered the contract at issue, and it did not dispute the contract's validity.  In addition, Defendant asserted counterclaims against Plaintiff for breach of contract and unjust enrichment.  The parties subsequently participated in a status conference pursuant to Federal Rule of Civil Procedure 16, and the Court thereafter entered its Case Management Order on August 19, 2024.  Doc. [26].  Roughly three months later, Defendant moved to amend its responsive pleading.  Doc. [28].  The operative case deadlines give the parties

until May 30, 2025, to amend the pleadings.  *Id.* at 1.  Additionally, discovery closes on July 31, 2025, dispositive motions are due on August 09, 2025, and trial is set for February 09, 2026.  *Id.*

Defendant now moves to amend because it contests the validity of the parties' contract. Through its amendment, Defendant seeks to alter its prior admissions to reflect this change of position, add corresponding affirmative defenses, and assert an additional counterclaim for declaratory judgment.  Doc. [28-1].  Plaintiff opposes the amendment because it is "not based upon newly discovered facts or evidence and is therefore unduly delayed."  Doc. [29] at 2.  For Plaintiff, "[n]othing prevented Defendant from . . . raising the proposed defenses or additional counterclaim in its initial" responsive pleading.  *Id.* Further, Plaintiff argues that it will be unduly prejudiced by the amendment because "Defendant's position that the contract is unenforceable injects a new aspect into the case which will necessarily expand the scope of discovery."  *Id.* at 5.  Plaintiff states that Defendant's amended answer constitutes "an about face in strategy" that was "not originally contemplated by the written discovery that has been conducted thus far."  *Id.*

As applicable here, "a party may amend its pleading only with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).  Moreover, "[t]he court should freely give leave when justice so requires."  *Id.*  The Federal Rules of Civil Procedure thus state a "liberal amendment policy," and "a district court's denial of leave to amend pleadings is appropriate only in those limited circumstances in which undue delay, bad faith on the part of the moving [party], futility of the amendment, or unfair prejudice to the non-moving party can be demonstrated."  *Roberson v. Hayti Police Dept.*,

241 F.3d 992, 995 (8th Cir. 2001) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Additionally, "[a]ny prejudice to the nonmovant must be weighed against the prejudice to the moving party by not allowing the amendment." *Bell v. Allstate Life Ins. Co.*, 160 F.3d 452, 454 (1998) (citation omitted).

The Court agrees with Plaintiff that Defendant's desired amendment will have a significant impact on this litigation, given that Defendant pursues new legal theories as well as an additional counterclaim. The Court disagrees, however, that these significant changes demonstrate undue delay on the part of Defendant or that they will unfairly prejudice Plaintiff because, simply, this matter is still relatively young. Even under the current scheduling order, the parties have over six months to exchange discovery and fourteen months before they must present their arguments at trial.[*] True, courts have denied parties leave to amend their pleadings when the amendments "involve new theories of recovery and impose additional discovery requirements." *Bell*, 160 F.3d at 454. But such denials often occur when the amendments are sought relatively late in the proceedings. *See, e.g.*, *id.* at 454–55 (affirming denial of an amendment sought after the close of discovery and five weeks before trial); *Dover Elevator Co. v. Ark. State Univ.*, 64 F.3d 442, 448 (8th Cir. 1995) (affirming denial where amendment was sought less than a month before trial and a week before the close of discovery); *Kozlov v. Associated Wholesale Grocers, Inc.*, 818 F.3d 380, 394 (8th Cir. 2016) (affirming denial of an amendment sought two months before trial).

---

[*] As ever, the Court is willing to modify the case schedule upon a motion demonstrating good cause for a modification. *See* Fed. R. Civ. P. 16(b)(4).

Lastly, given the amount of time that remains for the parties to develop their respective cases, the Court finds that the hardship to Defendant—if it were not allowed to amend and, thereby, challenge the validity of a contract under which it might be held liable—outweighs any prejudice to Plaintiff at this early stage. *See Buder v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 644 F.2d 690, 694–95 (8th Cir. 1981) (balancing hardships and finding in favor of the party seeking leave to amend).

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Leave to Amend its Answer and Counterclaim, Doc. [28], is **GRANTED**. Defendant shall promptly file its First Amended Answer and Counterclaim.

**IT IS FURTHER ORDERED** that Plaintiff shall have the prescribed time to file any response.

Dated this 31st day of December 2024.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE